**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4397
_____

CONNIE SANTORA,

Appellant

v.

RED CLAY CONSOLIDATED SCHOOL DISTRICT;
ROBERT J. ANDRZEJEWSKI, in both his official and personal capacities;
DEBRA DAVENPORT, in both her official and personal capacities;
HUGH BROOMALL, in both his official and personal capacities;
MERVIN DAUGHERTY, in his official capacity

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-09-cv-00513)
District Judge:  Honorable Richard G. Andrews

_____

Submitted under Third Circuit LAR 34.1(a)
on November 7, 2013

Before:  GREENAWAY, Jr., VANASKIE and ROTH, Circuit Judges

(Opinion filed:  August 28, 2014)

O P I N I O N
_____

**ROTH**, Circuit Judge:

Connie Santora appeals the District Court's April 6, 2012, order granting summary judgment in favor of defendants, Robert Andrzejewski, Hugh Broomall, and Mervin Daugherty, and the District Court's October 26, 2012, order granting summary judgment in favor of defendants, Red Clay Consolidated School District and Debra Davenport. For the following reasons, we will affirm the District Court's orders.

## I. Background

Santora began working as a secretary at Red Clay on November 10, 2003. She filed workers' compensation claims on March 19 and March 21, 2007. Both claims were denied by April 11, 2007. Santora filed a separate short-term disability claim on April 5, 2007. She took leave under the Family and Medical Leave Act (FMLA) beginning on April 17, 2007.

On July 18, 2007, Santora received a letter from Davenport, Red Clay's human resources manager, informing her that her disability request had been denied by Hartford, Red Clay's disability insurance carrier, and that she was expected to return to work within five days. At the time the letter was sent, Hartford had not actually denied Santora's claim. It did, however, deny the claim on July 30, 2007. On August 2, 2007, Santora filed a petition with the Delaware Industrial Accident Board appealing the denial of her workers' compensation claims.

On August 9, 2007, Santora received a letter from Davenport stating that Santora had exhausted all accrued sick time and FMLA leave and that her workers' compensation and short-term disability claims had been denied. The letter stated that her appeals of those decisions had also been denied and that her employment would be terminated on

2

August 15, 2007. In fact, Santora's workers' compensation appeal was still pending and she had not yet appealed the denial of her disability claim. Nonetheless, she resigned on August 15, 2007, to avoid having a termination on her employment record.

On October 25, 2007, Santora appealed Hartford's denial of her disability claim. On November 28, 2007, Hartford granted her appeal and awarded her disability benefits for the period from May 4, 2007, through June 8, 2007. Santora appealed that decision to the Delaware Office of Management and Budget (OMB), seeking a longer disability period. Faith Rentz, senior health care policy advisor at OMB, informed Santora that the disability period would be extended to cover April 17, 2007, through June 19, 2007. Santora's appeal of her workers' compensation claims were resolved by settlement with Red Clay, with the parties agreeing that her disability ended on September 7, 2007.

Santora then contacted OMB and requested to return to work under Delaware Code title 29, § 5257. Rentz responded that Santora was not eligible because her employment period ended prior to her being awarded short-term disability benefits and because she had taken another position with a state entity. Santora sued under 42 U.S.C. § 1983, claiming that she was denied a constitutionally cognizable property interest in her right to return to work and that she was retaliated against for bringing workers' compensation claims.

## II. Discussion[1]

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We exercise plenary review over a district court's grant of summary judgment, and view the facts in the light most favorable to the non-moving party. *Moore v. City of Philadelphia*, 461 F.3d 331, 340 (3d Cir. 2006).

### A. Section 1983 Claim

Under Delaware's "return to work" statute, nonmerit state employees able to return to work must be placed by their employer into a vacant position for which the employee qualifies. Del. Code tit. 29, § 5257(a)(2). Merit employees may be placed in any vacant merit position by the State Office of Management and Budget. *Id.* § 5257(a)(1). The parties agree that Santora was a nonmerit employee.

A municipality may not be liable under § 1983 under the theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978). Therefore, Santora's § 1983 due process claim against Red Clay must ultimately show that Red Clay maintained a policy or custom that caused a violation of her constitutional rights. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 580 (3d Cir. 2004). "Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000) (citations and internal quotation marks

---

[1] We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 28 U.S.C. § 1331.

4

omitted). A single decision suffices as a policy only when the causal link between the policymaker's conduct and the constitutional harm is clear, such as when the policymaker himself specifically authorizes or directs the deprivation. *Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405–06 (1997).

The only defendant that meets the definition of "policymaker," a person with final, unreviewable authority to make a decision or take action, *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1481 (3d Cir. 1990), is Superintendent Andrzejewski. There is no evidence that Andrzejewski decided not to reemploy Santora. The record shows that the decision to deny reemployment was made by Rentz at OMB. Rentz is not a defendant. There is no evidence of any attempt by Andrzejewski to influence Rentz's decision. Thus, the District Court properly awarded summary judgment to Red Clay.

Santora's claims against the individual defendants in their official capacities are treated as claims against the governmental entity itself. *A.M.*, 372 F.3d at 580. Thus, these claims fail as a matter of law.

For a § 1983 claim against a defendant in his or her personal capacity, a plaintiff must show the defendant's direct involvement in a deprivation of the plaintiff's constitutional right. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). There is no evidence of any direct involvement by any of the defendants in the decision not to reemploy Santora.

Santora argues that Broomall is liable because he did not respond to two 2008 letters from Santora in which she requested reemployment with Red Clay. Both were sent after Rentz had made the decision not to reemploy Santora. Broomall did not

5

respond to Santora's letters because Rentz and Deputy Superintendent Debra Dunmon, who is not a defendant, had already responded. There is no evidence that he was personally involved in the decision not to reemploy Santora.

Santora argues that Davenport was personally liable because she sent letters to Santora that contained erroneous information. Davenport admitted that her August 9, 2007, letter to Santora was inaccurate. The record demonstrates that Davenport regularly relied on others for information about the status of benefits requests, and Santora's status was no exception. There is no evidence that Davenport had reason to doubt what she was told by others about the status of Santora's claims. Even though Davenport made misstatements in these letters, her conduct does not rise to the level of gross negligence as required to make out a claim under § 1983. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1277 (3d Cir. 1994). Additionally, Santora's claim involves a decision made by Rentz in May 2008 to not reemploy her. There is nothing in the record showing that Davenport's letters from July and August 2007 affected this decision.

Santora points out that Red Clay, not OMB, should have handled the decision regarding Santora's reemployment because she was a nonmerit employee. This confusion, however, was caused by Santora herself, who requested reemployment from Rentz at OMB. There is no evidence that any defendant took any action that led OMB to make the decision instead of Red Clay.

**B.    Workers' Compensation Retaliation Claim**

Santora's other claim is for workers' compensation retaliation under Del. Code tit. 19, § 2365. In the absence of Delaware case law providing a standard for this type of

6

claim, the District Court, on both parties' suggestion, used the same framework as a retaliation case under Title VII. *See* 42 U.S.C. § 2000e-3. A prima facie case requires a plaintiff to show that (1) she exercised her right to workers' compensation under relevant law, (2) an adverse employment action was taken against her; and (3) there was a causal connection between the exercise of the rights and the adverse employment action. *Moore*, 461 F.3d at 341. Causation may be demonstrated through (1) antagonism or retaliatory animus toward the plaintiff, (2) temporal proximity between the workers' compensation claim and the adverse action, or (3) the record as a whole providing an inference of retaliation. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279–81 (3d Cir. 2000).

The District Court found that Santora failed on the causation prong. She argues that the temporal proximity between her workers' compensation appeal on August 2, 2007, and the letter informing her of her termination on August 9, 2007, shows retaliatory motive. The District Court correctly noted, however, that Santora's initial workers' compensation claims were filed on March 19, 2007, and March 21, 2007. Thus, the gap between Santora's claims and the adverse action against her was nearly five months. This is fatal to Santora's temporal proximity argument. We have held that a gap of even three months between events is too long to establish causation using temporal proximity. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007). Beyond Santora's failed assertion of suggestive temporal proximity, there is no other evidence linking her termination to her filing of workers' compensation claims.

**III.    Conclusion**

For these reasons, we will affirm the District Court's grant of summary judgment in favor of the defendants.